1   **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9

10  Pamela J. Brummer,                    )   No. CV-07-1223-PHX-DGC
                                          )
11          Plaintiff,                    )   **ORDER**
                                          )
12  vs.                                   )
                                          )
13                                        )
    Iasis Healthcare of Arizona, Inc., dba )
14  St. Luke's Medical Center, L.P.,       )
                                          )
15          Defendant.                    )
                                          )
16  _____      )

17

18          Plaintiff has filed a motion to remand this action to state court. Dkt. #13. Defendant

19  has responded. Dkt. #17. The Court will grant the motion.

20  **I.      Background.**

21          Plaintiff filed a complaint against Defendant in state court on August 31, 2006. *See*

22  Ariz. Super. Ct. Case No. CV2006-013333. The complaint asserts state claims for wrongful

23  termination and interference with business relationships. Plaintiff filed a second action in

24  state court on March 7, 2007. *See* Ariz. Super. Ct. Case No. CV2007-004230. The

25  complaint in the second action alleges that Defendant violated various federal statutes by

26  terminating her employment.

27          Defendant removed both actions to this Court. The first action – the one involving

28  only state claims – has been assigned to the undersigned Judge and bears case number

1   CV-07-1223-PHX-DGC.  The second action – the one involving federal claims – has been

2   assigned to District Judge John Sedwick and bears case number CV-07-1213-PHX-JWS.

3   **II.     Removal and Remand Standards.**

4          Pursuant to the removal statute, 28 U.S.C. § 1441, any civil action brought in state

5   court over which the federal district courts have original jurisdiction may be removed to the

6   federal district court for the district where the action is pending.  28 U.S.C. § 1441(a).  Courts

7   strictly construe the statute against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564,

8   566 (9th Cir. 1992).  Indeed, there is a "strong presumption" against removal and "[f]ederal

9   jurisdiction must be rejected if there is any doubt as to the right of removal in the first

10  instance."  *Id*.  "The 'strong presumption' against removal jurisdiction means that the

11  defendant always has the burden of establishing that removal is proper."  *Id.*  "If at any time

12  before final judgment it appears that the district court lacks subject matter jurisdiction, the

13  case shall be remanded."  28 U.S.C. § 1447(c).

14  **III.    Analysis.**

15         Plaintiff argues that this action should be remanded because it involves only state

16  claims. Dkt. #13 at 1.  Defendant asserts that removal of this action was proper because the

17  state claims asserted in the case are related to the federal claims asserted in the case pending

18  before Judge Sedwick.  Defendant contends that the Court may exercise supplemental

19  jurisdiction over the state claims asserted in this action pursuant to 28 U.S.C. § 1367.

20  Dkt. ##1 ¶¶ 13, 17 at 4-5.  Defendant is incorrect.

21         "Federal courts are courts of limited jurisdiction.  They possess only that power

22  authorized by Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

23  U.S. 375, 377 (1994).  Section 1367 grants district courts the power to exercise supplemental

24  jurisdiction over "all other claims that are so related to claims in the action" when the district

25  court has original jurisdiction "in any civil action[.]"  28 U.S.C. § 1367(a).  The language of

26  § 1367 "require[s] that supplemental jurisdiction be exercised in the *same* case, not a separate

27  or subsequent case."  *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 87 (9th Cir. 1997)

28  (emphasis added); *see Lerille v. Monsanto Corp.*, No. 07-3621, 2007 WL 2284570, at *3

(E.D. La. Aug. 6, 2007) ("[T]he consolidated state court cases did not merge into one action and remain two separate lawsuits.  Since the two lawsuits are separate, defendant may not use supplemental jurisdiction to remove [the first] lawsuit based on its timely removal of [the second] lawsuit.") (citing *Ortolf*, 111 F.3d at 87); *Mendez v. Roman*, No. 3:05-CV-1257 (RNC), 2006 WL 276976, at *2 (D. Conn. Feb. 2, 2006) ("[Section 1367] does not authorize a court to use one case as a platform for 'pulling-up' claims and parties in another, separate case.  Rather, . . . supplemental jurisdiction may be exercised only over claims and parties that have been joined in a single civil action."); *Keene v. Auto Owners Ins. Co.*, 78 F. Supp. 2d 1270, 1274 (S.D. Ala. 1999) ("[S]ection 1367 applies only to claims within a single action and not to claims within related actions."); *Sebring Homes Corp. v. T.R. Arnold & Assocs., Inc.*, 927 F. Supp. 1098, 1101-02, (N.D. Ind. 1995) ("By its terms, § 1367 'contemplates supplemental jurisdiction arising only from claims within a single action.'  Section 1367 provides no original jurisdiction over a separate, but related suit[.]") (citation omitted).

"The law is well-settled on the removability of state actions: 'only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  Absent diversity of citizenship, federal-question jurisdiction is required.'" *Chase v. Auerbach*, No. CIV. A. 94-5892, 1994 WL 590588, at *2 (E.D. Pa. Oct. 26, 1994) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see* 28 U.S.C. § 1441(a).  The complaint in this case alleges neither diversity of citizenship nor a federal claim, and, as explained above, the supplemental jurisdiction bestowed by § 1367 is not a source of original jurisdiction.  Without any basis for original jurisdiction in this action, the action must be remanded to state court.  *See* 28 U.S.C. § 1447(c); *Chase*, 1994 WL 590588, at *2 (remanding action to state court because the district court did not have original jurisdiction over the case as a "free-standing action").

The Court recognizes that this order will result in two cases concerning essentially the same issues pending in different courts, but that is not uncommon.  Plaintiff could have achieved the same result by filing her federal claims in federal court and her state claims in state court.  The possible inefficiency and overlap of such simultaneous litigation

notwithstanding, this Court cannot exercise jurisdiction over purely state-law claims where diversity of citizenship does not exist.  Concerns about inefficiency and overlap will need to be addressed by other means.

**IT IS ORDERED:**

1.      Plaintiff's motion to remand (Dkt. #13) is **granted**.

2.      Plaintiff's motions to continue and for an expedited ruling (Dkt. ##14-16) are **denied** as moot.

3.      The Scheduling Conference set for September 5, 2007 at 4:30 p.m. is **vacated**.

4.      The Clerk shall **remand** this action to state court.

5.      Defendant shall promptly notify Judge Sedwick of this order and its effect on the pending motion to consolidate.

DATED this 23rd day of August, 2007.

David G. Campbell
United States District Judge

- 4 -